FILED

2011 FEB -8  AM 10: 54

CLERK US D:....    .....  
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., | CASE NO. 10cv1773 BEN (NLS) |
| Plaintiff, | **ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANTS** |
| vs. | |
| NETSAITS B.V., et al., | [Dkt. Nos. 15-16.] |
| Defendants. | |

## INTRODUCTION

Plaintiff Perfect 10, Inc. moves for default judgment against Defendants Netsaits B.V., Netsaits Holding B.V., Jennsights, Inc., and Gerco Marsch seeking $780,000 in statutory damages, $7,850 in costs and attorney's fees, and an injunction against further infringing conduct. Dkt. No. 16. Defendants have not appeared or filed any opposition to the motion. Plaintiff brought this action for copyright infringement and violation of California's Unfair Competition Law ("UCL") for Defendants' copy and display of Plaintiff's copyrighted images. Dkt. No. 5. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for default judgment, awards $292,500 in statutory damages, $7,850 in attorney's fees and costs, and issues a permanent injunction against further infringement by Defendants.

///

10cv1773

**BACKGROUND**

Plaintiff designs and creates copyrighted images, including photographs, magazines, and video productions. First Am. Compl. ("FAC") ¶ 9. Plaintiff owns and operates a website where consumers can pay a fee to access Plaintiff's copyrighted material. FAC ¶ 12. Plaintiff's revenues are primarily derived from sales of these membership fees. FAC ¶ 13. Plaintiff owns thousands of copyrighted photographs and video productions. FAC ¶ 14.

Plaintiff alleges that Defendants operate a number of infringing websites, some of which charge monthly memberships to access the content. FAC ¶¶ 4, 17-18. Defendants have allegedly copied, stored, displayed, and distributed thousands of Plaintiff's copyrighted images and video clips without Plaintiff's permission. FAC ¶¶ 5, 28-39.

Defendant Jennsights was served on October 1, 2010, and the other Defendants were served on October 19, 2010. Dkt. Nos. 7-8, 10, 12. None of the Defendants have filed an answer or otherwise responded. Dkt. No. 14. On December 6, 2010, the Clerk entered default against Defendants based on their failure to answer or otherwise respond to the Complaint. Dkt. No. 14.

**DISCUSSION**

**I.    Default Judgment**

Plaintiff is entitled to default judgment against Defendants. Once default has been entered by the Clerk, it is within the district court's discretion to grant default judgment against that party. FED. R. CIV. P. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* FED. R. CIV. P. 8(b)(6) ("[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied").

The Court may consider the following factors, articulated in *Eitel v. McCool,* when determining whether to grant default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default

1  was due to excusable neglect; and (7) the strong policy . . . favoring decisions on the merits." 782

2  F.2d at 1471-72.

3        All the *Eitel* factors weigh in favor of granting default judgment. "A plaintiff must meet two

4  requirements to establish a prima facie case of copyright infringement: (1) ownership of the allegedly

5  infringed material and (2) violation by the alleged infringer of at least one of the exclusive rights

6  granted to copyright holders." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150,

7  1156 (9th Cir. 2006) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)

8  and 17 U.S.C. § 106). As outlined above, Plaintiff has alleged all the necessary elements for a cause

9  of action for copyright infringement. Taking these allegations to be true, as the Court must, the FAC

10 supports Plaintiff's claim for copyright infringement. Further, because Plaintiff has sufficiently plead

11 the claims asserted and provided the Court with evidence of Defendants' display of Plaintiff's

12 copyrighted images, dispute as to material facts is unlikely. *Phillip Morris USA, Inc. v. Castworld*

13 *Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

14       Additionally, Plaintiff will be prejudiced if default judgment is not entered because Plaintiff

15 has no other means to recover for Defendants' infringing conduct. There is nothing before the Court

16 that suggests that the lack of response from Defendants was the result of excusable neglect. The sum

17 of money at stake is not significant when the Court considers it in relation to Defendants' conduct.

18 *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). And finally, while

19 there is a strong policy favoring disposition on the merits, that option is not available where, as here,

20 defendants fail to appear. *Id.* at 1177. Because all of the *Eitel* factors weigh in favor of granting

21 default judgment, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants.

22 **II.**    **Damages**

23       Plaintiff is entitled to $292,500 in statutory damages from Defendants. Plaintiff seeks

24 $780,000 in statutory damages under § 17 U.S.C. § 504. Section 504(c)(1) provides for statutory

25 damages between $750 and $30,000 for each work infringed "as the court considers just." Damages

26 may be increased up to $150,000 per work on a finding that the infringement was committed willfully

27 and reduced to as little as $200 per work on a finding that the infringer did not know and had no reason

28 to know the conduct was infringing. 17 U.S.C. § 504(c)(2).

1     Plaintiff has identified 390 works that have been directly infringed by Defendants. Decl. of

2   Dr. Norman Zada in Supp. of Perfect 10's Appl. for Default J. Plaintiff seeks $2,000 per violation,

3   for a total of $780,000. Because Plaintiff has not established that Defendants' infringement was

4   willful and Defendants have not appeared to assert a lack of knowledge, enhanced or reduced statutory

5   damages are not warranted. But statutory damages are warranted for Defendants' significant infringing

6   conduct. Accordingly, the Court awards Plaintiff $750 per violation, for a total of $292,500 in

7   statutory damages.

8   **III.    Injunction**

9     Plaintiff is entitled to a permanent injunction enjoining Defendants from infringing Plaintiff's

10   copyrighted materials pursuant to 17 U.S.C. § 502(a) and California Business and Professions Code

11   § 17203. Section 502(a) authorizes the Court to issue injunctions "on such terms as it may deem

12   reasonable to prevent or restrain infringement of a copyright." Section 17203 authorizes injunctive

13   relief against any unfair competition. Based on Plaintiff's evidence of ongoing infringement of its

14   copyrights, the Court orders that Defendants, and each of them, and each of their respective

15   subsidiaries, affiliates, successors, officers, directors, employees, agents, representatives, and any

16   entities owned or controlled by them, shall be and are hereby permanently restrained and enjoined

17   from:

18     (A) Violating Plaintiff's exclusive rights under the Copyright Act, including but not limited

19     to copying, reproducing, distributing, displaying, adapting, offering or making available for

20     sale or downloading, or otherwise infringing or contributing to the infringement of, any

21     copyrighted picture, image or video owned by Plaintiff; and

22     (B) Displaying, allowing to be downloaded, and/or selling access to any (1) likenesses of

23     celebrities or models or (2) copyrighted pictures, images, or videos from any website or by way

24     of any other form of electronic distribution, unless Defendants have received prior express

25     written permission from the models/licensees and the copyright holders.

26   ///

27   ///

28   ///

- 4 -

10cv1773

**IV.    Costs and Attorney's Fees**

Finally, Plaintiff is entitled to costs and attorney's fees pursuant to 17 U.S.C. § 505.  Section 505 authorizes recovery of the full costs of an action and reasonable attorney's fees to the prevailing party.  Accordingly, the Court finds Plaintiff is entitled to $7,850 in attorney's fees and costs.

<strong>CONCLUSION</strong>

Plaintiff's motion for default judgment and a permanent injunction against Defendants is **GRANTED**.  Judgment is entered in favor of Plaintiff and against Defendants to be jointly and severally liable in the amount of $292,500 in statutory damages and $7,850 in attorneys fees and costs.  Plaintiff's motion to file exhibits under seal is **GRANTED**.  The February 14, 2011 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: February 07, 2011

Hon. Roger T. Benitez
United States District Court Judge